WARFORD MANN, EX'R OF JOHN H. MANN, *vs.* GEORGE W. HIGGINS AND JOHN MILLER.—*December* 1848.

The lien which partners have upon the partnership property, to enforce its application to the payment of the partnership debts, attaches to all their joint property, but relates no further. Partners, as such, have no other equities in relation to the separate property of each other, than separate creditors.

The executor of *J M* filed a bill in equity, alleging, that a partnership had existed between his testator and the defendant *H*, and praying for an ac-

34  v.7

Mann's ex'r *vs.* Higgins and Miller.—1848.

count of the partnership transactions, and that a certain fund in the hands of a trustee, to which *H* was entitled in right of his wife, the same being her distributive share of her deceased father's real estate, might be enjoined and set apart for the payment of his claim. HELD :

That the complainant had no lien, or claim in equity, on this fund, different from any other creditor of *H*, and that the injunction was rightly dissolved, and the bill properly dismissed.

A court of equity will not aid even the husband, to reduce the *choses in action* of the wife, into possession, except upon terms which provide for the support of the wife and her children; much less, then, will it exert its power to effect the application of such *choses in action,* to the payment of the husband's creditors: and thus deprive the wife, surviving her husband, of the right given her at law, of being reinvested with all the *choses in action* not reduced into possession by the husband, during coverture.

APPEAL from the Equity side of *Washington* county court.

The bill in this case was filed by the appellant against the appellees, on the 8th of May 1845; the allegations of which, with those of the answer, are fully stated in the opinion of this court.

The injunction prayed by the bill, was granted on the 28th of the same month. And after the coming in of the answers, a commission was issued, under which testimony was taken; the effect of which is sufficiently stated in the opinion. The cause, then, being set down for hearing, the court, (BUCHANAN, A. J.,) on the 15th of February 1847, passed a decree, dissolving the injunction and dismissing the bill; from which the complainant appealed to this court.

The cause was argued before DORSEY, C. J., SPENCE, and FRICK, J.

By J. SPENCER, for the appellant, and
. By J. DIXON ROMAN, for the appellees.

SPENCE, J., delivered the opinion of this court.

We have carefully examined the record in this cause; to discover the complainant's equity.

The bill charges, that a partnership was entered into between the complainant's testator and *George W. Higgins,* in the year 1837, which continued until the year 1840; that said *Higgins* became indebted to the firm in a large sum of money,

which he had not paid or accounted for. The bill further charges, that said *Higgins* is entitled to a distributive share of the proceeds of the real estate of a certain *Peter Miller*, late of *Washington* county, deceased; that *John Miller*, of *Peter*, of *Washington* county, the trustee for the sale of said real estate, held in his hands funds arising from the sale of a portion of said estate, a part of which had been distributed, and was payable to said *Higgins*, as appeared by an account stated by the order of *Washington* county court, as shewn by complainant's exhibit B, which is made a part of complainant's bill. The bill further charges, that said *Higgins* is a non-resident of the State of *Maryland*. The prayer of the bill is, that an account may be taken of the partnership dealings and transactions; that *Miller*, the trustee, may be enjoined, and restrained from paying the money in his hands distributed to said *Higgins*, or which may come to his hands, to said *Higgins*, or to any other person, until the final decision of this cause.

The defendant, in his answer, denies any and all indebtedness to the firm, and avers that, in the month of May 1840, the partnership was dissolved by mutual consent; and that the defendant was the owner of one undivided half-part of all the partnership property; that on said dissolution they settled the accounts of the firm, when the defendant, *Higgins*, was found to be indebted about three hundred dollars: which was about, or near, the estimated value of his interest in the partnership stock. That it was then and there agreed, that said *Mann* should accept the defendant's interest in said property, in full satisfaction of said balance; and accordingly, said *Mann* retained the possession and control of all said property for said purpose, so as aforesaid agreed between them.

The answer of the defendant admits that he is entitled, in right of his wife *Sarah*, who was the daughter of *Peter Miller*, to a distributive share of the proceeds of the real estate of *Peter Miller*, deceased, in the hands of *John Miller*, the trustee for the sale thereof.

If the proof of the dissolution of the partnership, and the agreement and settlement of the concern is not conclusive,

(which we think is,) there is nothing in the record which raises an equity to entitle the complainant to the writ of injunction.

The property, debts and effects of a partnership are the joint property of the partners, and as an incident to that joint property, the partners have a lien thereon, from which their equity arises, to enforce the application of such joint property to the payment of the partnership debts. This equity attaches to all their joint property, but relates no further. Partners, as such, have no other or different equities, in relation to the separate property of each other, than other individuals, or separate creditors. Helpless, indeed, would be the condition of separate creditors, if it were otherwise.

The bill in this case prayed, that *Miller*, the trustee, should be enjoined from paying over to *Higgins*, his wife's distributive share of her deceased father's real estate, until an account could be taken of the partnership transactions; and then, that it might be decreed applicable to the payment of that account.

Courts of equity do not lend their aid, even to husbands, to enable them to reduce the *choses in action* of their wives, into possession; unless upon terms which provide for the maintenance and support of wives and their children. Surely then, they will not exert their power to effect the application of the *choses in action* of wives, to the payment of the creditors of their husbands; thus depriving wives surviving their husbands, of the right given them at law, of being reinvested with all their *choses in action*, not reduced into possession by their husbands during their coverture. This case does not present the semblance of an equity. What lien, or claim in equity, had the testator, or has his executor, this complainant, on this fund, or distributive share of *Higgin's* wife, in the hands of the trustee, to entitle him to have it enjoined or set apart for the payment of his debt, other, or different, from that of any other creditor of *Higgins?* We can conceive of none. The answer charges, and the evidence proves, that upon the dissolution of the partnership in 1840, the partnership transactions were settled, and that *Mann* accepted *Higgin's* share of the partnership property, which was sold by the complainants as executors of *John H. Mann,* which had been accepted

in satisfaction of the balance ascertained to be due from *Higgins* to *Mann,* the testator, on the settlement aforesaid.

This court are therefore of opinion, that there is no error in the decree in this case; and that the injunction was dissolved, and bill properly dismissed.

DECREE AFFIRMED, WITH COSTS.